IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TIMBER AUTOMATION, LLC**                                                                  **PLAINTIFF**

v.                                              **CASE NO. 6:22-CV-6093-SOH**

**FIBERPRO, LLC ET AL.**                                                     **DEFENDANTS**

### RESPONSE IN OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND EXTEND DEADLINES

      Defendants FiberPro, LLC ("FiberPro"), Joshua Krauss, and Jeremy Hutson (collectively, the "FiberPro Defendants") submit this response in opposition to the Motion to Continue Trial Date and Extend Deadlines (the "Motion") filed by Plaintiff Timber Automation, LLC ("Timber Automation"). For the reasons set forth below, the Court should deny the Motion and preserve the parties' existing trial setting.

### I.    INTRODUCTION

      Timber Automation has been chasing after the FiberPro Defendants for more than three years. And after years of litigation, it is clear that Timber Automation's case is a grievance in search of a cause of action. At first, Timber Automation complained of the misuse of materials taken by Henry Meyers. This claim has fallen by the wayside. Timber Automation next turned to engineering drawings. This, too, reaped no fruit. So now, Timber Automation has manufactured a new controversy related to metadata reports containing information about data preserved from FiberPro's computer systems. Weeks after receiving these reports, Timber Automation has requested many thousands of individual files from the reports, almost all of which have no bearing on any live claim (and none of which have been identified as a protectible trade secret). Timber Automation's plea for more time should be rejected. The Motion should be denied, and summary

judgment entered in favor of the FiberPro Defendants, so the parties may finally have closure in this already protracted litigation.

## II.   ARGUMENT

The Court should deny the Motion for three reasons.  *First*, the Motion represents yet another request by Timber Automation to drag the FiberPro Defendants through continued litigation despite Timber Automation's lack of any *proof* on the core issue of misappropriation. *Second*, Timber Automation is not entitled to additional documents or time for discovery unless and until it identifies a trade secret with the requisite specificity.  *Third*, in spite of Timber Automation's complaints about discovery issues, the FiberPro Defendants never committed to burdensome electronic discovery, instead pointing out the data in question was collected simply for the purpose of preservation.

**1.   Timber Automation Seeks, Again, More Time to Conduct Further Fruitless Discovery.**

Timber Automation first sued the FiberPro Defendants nearly four years ago, on July 15, 2020.  The allegations in the Complaint then, as now, revolved principally around the idea that the FiberPro Defendants misappropriated trade secrets taken by Meyers at the time he left his employment with Timber Automation.  Timber Automation never found evidence of actual misappropriation in the first case and requested a voluntarily dismissal while the FiberPro Defendants then (as now) had a motion for summary judgment pending.  The Court granted this dismissal request over the FiberPro Defendants' objection.

Timber Automation re-filed the case on August 25, 2022.  The allegations in the second Complaint, *see* ECF No. 2, mirror those pleaded by Timber Automation in the prior lawsuit.  And in this case, the FiberPro Defendants produced in discovery the full contents of the so-called "Henry Meyers folder," which includes more than nine gigabytes of compressed data.  In addition

to this mountain of material, the FiberPro Defendants have worked cooperatively with Timber Automation and produced *thousands* of pages of engineering drawings and other materials related to the projects implicated in Timber Automation's Complaint, along with voluminous metadata reports providing line-by-line information on the data housed on the FiberPro Defendants' computers.

As explained fully in the summary judgment briefing, Timber Automation has no proof that the FiberPro Defendants improperly used any trade secret. Timber Automation all but abandoned any claim related to the contents of the "Henry Meyers folder." *See generally* ECF No. 70 (lacking any argument that the FiberPro Defendants improperly used any of this data). And, even though Timber Automation has been in possession of hundreds of FiberPro's engineering drawings for months, it makes no claim here that FiberPro copied any secret design. *See generally id.* (including no argument related to the similarity of any drawing based on a comparison review).

The failure to find proof leads Timber Automation to beg for more time. Courts within the Eighth Circuit have refused such discovery, holding that a plaintiff cannot "mold its cause of action around the discovery it receives.'" *Wilbur-Ellis Co. LLC v. Gompert*, No. 8:21CV340, 2022 WL 17736773, at *3 (D. Neb. Dec. 16, 2022), *aff'd*, No. 8:21CV340, 2023 WL 375125 (D. Neb. Jan. 24, 2023) (quoting *Switch Commc'ns Grp. v. Ballard*, No. 2:11-CV-00285-KJD-GFW, 2012 WL 2342929, at *4 (D. Nev. June 19, 2012)). This is exactly what Timber Automation wants to do with more time. The Court should disallow it.

**2.     Timber Automation, Despite Years of Litigation, Has Not Still Identified any Specific Trade Secret Misappropriated by the FiberPro Defendants.**

The posture of this case brings Timber Automation's overarching problem to the forefront—it has repeatedly failed to identify any protected trade secret. Timber Automation

instead seemingly claims that *everything* it has must receive trade secret protection. But Arkansas law does not allow Timber Automation to craft its claims this way. Nor do the federal courts.

For its claims to proceed, Timber Automation must "clearly identify what information it considered to be a trade secret." *Tyson Foods, Inc. v. ConAgra, Inc.*, 349 Ark. 469, 483, 79 S.W.3d 326, 334 (2002). The Eighth Circuit takes this requirement seriously. In *Walmart Inc. v. Cuker Interactive, Inc.*, the panel noted that "The Arkansas Supreme Court has made plain that it is 'incumbent' on the party alleging trade secret misappropriation to 'clearly identify what information it considered to be a trade secret, as that is a legal status fixed by statute.'" 949 F.3d 1101, 1109 (8th Cir. 2020) (quoting *Tyson*, 349 Ark. at 483, 79 S.W.3d at 334). And "broad declaration that everything," save certain specifically identified items, is the plaintiff's "exclusive property [is] insufficient as a matter of law to clearly identify these technique or tools as trade secrets." *Id.* Applying similar principles, courts have ruled that "'requiring the plaintiff to state its claimed trade secrets prior to engaging in discovery ensures that it will not mold its cause of action around the discovery it receives.'" *Wilbur-Ellis*, 2022 WL 17736773, at *3 (quoting *Switch Commc'ns Grp.*, 2012 WL 2342929, at *4).

Timber Automation wishes to re-write the law here—the data now sought has never been identified as specific protected trade secrets. And Timber Automation cannot make such a claim. Hundreds of the files Timber Automation now seeks, for example, relate third parties like PSI Sales Inc. or Comact. Timber Automation cannot lay claim to third-party drawings, pictures, or data as protected trade secrets. Nor may Timber Automation manufacture a claimed need for such irrelevant discovery as a basis for further discovery in an already old case. To allow otherwise would impermissibly permit Timber Automation to "mold its cause of action around the discovery it receives." The Court should not permit this.

4

**3. The FiberPro Defendants Never Agreed to Produce Mountains of Electronically Stored Information.**

Timber Automation devotes much of its briefing to a blame game, claiming the FiberPro Defendants have dragged feet. But Timber Automation received the first of the metadata reports in question on December 7, 2023. The remaining reports were provided on January 11, 2024. More than five weeks after receiving the final reports (and ten weeks after receiving the first), Timber Automation first requested the more than 10,000 pieces of data now claimed as necessary for Timber Automation to craft new claims in the face of a pending motion for summary judgment.

More significantly, however, the FiberPro Defendants did not, as Timber Automation suggests, agree to produce the data now at issue. Rather, as the FiberPro Defendants explained, the source materials are comprised as part of "terabytes of data across multiple hard drives that was collected simply for preservation purposes, not with the intent of a review and production as would be the case in some litigations." Ex. 1, Email from Graham Talley to Jeffrey Johnson, Nov. 14, 2023, at 1. The present request for further time is not "good cause" for a continuance as contemplated by Local Rule 7.5(a). It is rather an ask for the Court to allow Timber Automation to engage in further discovery on its unending search for a claim.

### III. CONCLUSION

The Court should deny the Motion and preserve the parties' existing trial setting.

Respectfully submitted,

John Keeling Baker, Ark. Bar No. 97024
Graham Talley, Ark. Bar No. 2015159
Devin R. Bates, Ark. Bar No. 2016184
Sharnae Y. Diggs, Ark. Bar No. 2018130
**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, PLLC**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: 688-8800
Fax: (501) 688-8807
Email: jbaker@mwlaw.com
      gtalley@mwlaw.com
      dbates@mwlaw.com
      sdiggs@mwlaw.com